IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN F. SCHUPP

v.                           :   Civil Action WMN-00-2822

JUMP! INFORMATION
  TECHNOLOGIES, INC.

**MEMORANDUM**

Before the Court is Plaintiff's Motion to Alter or Amend Judgment and for Reconsideration (Paper No. 22) of the Court's Memorandum and Order of August 15, 2001, denying Plaintiff's motions for summary judgment and granting Defendant's motions for summary judgment on all counts. The motion has been fully briefed and is ripe for decision. Upon a review of the pleadings and the applicable law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be denied.

The bulk of Plaintiff's motion reargues many of the issues already decided by the Court, and fails to raise new facts or arguments that would change the basis of the Court's decision. Plaintiff's arguments concerning the Cassidy recruitment bonus, the retention bonus, and Plaintiff's status as a member of the Jump! management team fall into this category.[1]  On these

---

[1] In his Reply Memorandum, Plaintiff adds yet another ground for reconsideration: the applicability of Maryland's Wage Law to his case. Plaintiff argues that a recent Maryland Court of Appeals decision casts doubt on this Court's conclusion that the

issues, therefore, the Court will deny Plaintiff's motion for the reasons given in the August 15, 2001, Memorandum.

Plaintiff's motion also challenges the Court's ruling as to his breach of fiduciary duty claim against Jump!. The basis of the Court's ruling on this claim was twofold, namely that: (1) Plaintiff could not establish that material facts were either not disclosed or were misrepresented to him; and, (2) even if they were, Plaintiff cannot establish that he suffered a financial loss as a result. <u>See</u>, Memorandum of August 15, 2001, at 13. In Plaintiff's motion to reconsider, he cites case law that undercuts these conclusions. First, authorities cited by Plaintiff indicate that the fiduciaries' non-disclosure of their employment agreements with the acquiring entity may indeed have been material. <u>See</u>, <u>e.g.</u>, <u>Dan River v. Icahn</u>, 701 F.2d 278, 286 n. 6 (4th Cir. 1983) (observing that company disclosed to shareholders, "as it must," an offer of employment to management). Second, Plaintiff has cited Virginia cases showing that a plaintiff need not show actual injury to make out a breach

---

Wage Law does not apply to Plaintiff. Plaintiff's argument misses the mark, however, because this Court clearly stated that its basis for rejecting Plaintiff's breach of contract claim was that there were no monies owing to Plaintiff, and that "it need not reach the applicability of the Maryland Wage Law." Memorandum of August 15, 2001, at 7 n. 7. Therefore, any discussion of the Wage Law by the Court was dicta, Plaintiff's new argument notwithstanding.

2

of fiduciary duty claim.  See, Kessler v. Commonwealth Doctors, 185 S.E.2d 43, 47 (Va. 1971); Rowland v. Kable, 6 S.E.2d 633, 642 (Va. 1940).

Although Plaintiff's latest arguments may change the Court's basis for its ruling, they do not change the result.  In its decision, the Court cited (and quoted from) Byelick v. Vivadelli, 79 F.Supp.2d 610, 623 (E.D. Va. 1999), a case discussed at length by the parties in their summary judgment pleadings.  As this Court then acknowledged, Byelick recognized that a Virginia corporation's directors and officers owe a fiduciary duty to individual shareholders, and that the Virginia Supreme Court would hold that a minority shareholder of a closely held corporation (as was Plaintiff in this case) "has a cognizable claim against an inside director for breach of fiduciary duty in respect of a corporate transaction which benefits the inside director . . .".  Id. at 625 (emphasis added at this writing).  Plaintiff, in his summary judgment pleadings and in his motion to reconsider, has not provided any admissible evidence that Von Dette or Engel benefitted from the alleged non-disclosures or misrepresentations.[2]  Therefore, Plaintiff's motion must be

---

[2] To the contrary, the facts continue to support this Court's conclusion that "Plaintiff received more for his shares [of Jump! stock] than any other party."  Memorandum of August 15, 2001, at 14.

3

denied as to this issue as well.

For the foregoing reasons, Plaintiff's motion to alter or amend judgment and for reconsideration will be denied. A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: January **30**, 2002